**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DISTRICT**

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:09CV307 HTW-LRA** |
| **WYNN PROPERTIES, INC. and JAMES WYNN THREATT** | **DEFENDANTS** |

## ORDER GRANTING DEFAULT JUDGMENT

Before this court is plaintiff Wachovia Bank, National Association's motion for default judgment [docket no. 12] against defendant James Wynn Threatt and plaintiff Wachovia Bank, National Association's motion for default judgment [docket no. 13] against defendant Wynn Properties, Inc.

Plaintiff Wachovia Bank filed its complaint in this court against defendants Wynn Properties, Inc. and James Wynn Threatt on May 19, 2009. Wynn Properties was served on May 21, 2009. Threatt was served on May 29, 2009. Neither party answered within the time allotted by Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure which requires that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint . . ."

Plaintiff filed a motion for entry of default [docket no.s 8,9] against each defendant on June 24, 2009, pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides the procedure by which a party may seek the entry of default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff having

properly sought such entry, by motion and supporting affidavit, the clerk entered a default against both defendants on June 24, 2009 [docket no. 10].

Having reviewed the record, this court finds that defendant has failed to respond to any pleadings or otherwise appear in this court concerning the matter at hand. Plaintiff's application for default judgment is well taken and is granted. The court will contact plaintiff in order to set a hearing on damages[1]. Plaintiff should be prepared at said hearing to submit proof of defendants' indebtedness, late fees, and other relief requested. Plaintiff should further be prepared to present the court with proof of attorney's fees, including the hourly rate of plaintiff's counsel and time expended and the affidavit of another attorney attesting to reasonableness.

**SO ORDERED** this 28th day of April, 2010.

                                        **s/ HENRY T. WINGATE**

                                        _____
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

Civil Action No. 3:09cv307
Order Granting Default Judgment

---

[1]Rule 55(b) provides that:

> The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.